SAMUEL J. GHOLSON, Administrator, &c., et al. *v.* LEDYARD HATTER et al.

A. having recovered a judgment against B., the judgment was sold for court costs; C. became the purchaser, and before the expiration of two years from the time of the sale, C. received from B. the amount of the judgment, and entered satisfaction in full on it; but within the two years, A.'s agent tendered to C. the amount he gave for the judgment and the per cent. thereon, which he refused to accept, and in the mean time B. died, and C. became one of his administrators. *Held*, that a *scire facias* cannot be issued to revive the judgment against B.'s administrators, but A.'s remedy is against C. individually.

IN error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

On the 30th of October, 1846, Ledyard Hatter & Co. obtained a judgment in the circuit court of Monroe county against Gabriel Ragsdale for the sum of $637.23, damages and costs of suit. The plaintiffs being non-residents, and execution having issued on the judgment against Ragsdale, it was returned *nulla bona;* and at the April term, 1847, of said circuit court, the court costs not having been paid, an order was made by the court, on motion of the clerk of the court, to whom fees in the case were due, directing that the judgment be sold for the cost. It was sold, and S. J. Gholson purchased it for $26.50; and having paid that amount, the sheriff transferred to Gholson the plaintiff's right and interest in the judgment. In the mean time, before the expiration of two years from the sale of the judgment for cost, Copp, the agent of Ledyard Hatter & Co., tendered to Gholson the amount he had given for the judgment, and ten per cent. thereon, which he refused to accept. Gholson received from Ragsdale $600 on the judgment, and entered full satisfaction upon the judgment.

Ragsdale, some time after this, died, and Samuel J. Gholson and W. D. Holden administered on his estate; and on the 1st of April, 1851, Ledyard Hatter & Co. sued out a *scire facias* to revive said judgment against the said administrators of

Ragsdale. To the *scire facias*, the administrators pleaded, 1st, payment in the lifetime of the deceased; 2d, that it had been sold for the costs of the suit; and several other pleas. Upon most of the pleas issue was taken, and the others disposed of.

Judgment was rendered for the plaintiffs in the execution; and the defendants prayed this writ of error.

*Potter*, for appellants,

Contended that it had been decided that the sale of the judgment divested the title of Ledyard Hatter & Co. in the same; and a tender of the amount for which it sold does not reinvest them with the legal title to the judgment. 1 Cushm. 278; 2 Ib. 693.

It is clear that the *scire facias* cannot be maintained.

*S. Cocke*, for appellee,

In reply, cited and commented on Hutch. Code, 920, &c.

Mr. Justice FISHER delivered the opinion of the court.

The defendants in error, on the 30th day of October, 1846, recovered a judgment in the circuit court of Monroe county against one Gabriel M. Ragsdale, for the sum of $637.23.

Ragsdale having died, a *scire facias* was sued out to revive this judgment against the plaintiffs in error, as his administrators.

They pleaded to the writ a satisfaction of the judgment in the lifetime of Ragsdale.

The facts on this subject are these. The judgment was sold in 1847, under an order of the circuit court, for the costs due to the officers, and was purchased by S. J. Gholson. While he was the owner of the judgment, by virtue of this purchase, he received from Ragsdale the sum of $600, in full satisfaction of the judgment, and accordingly entered satisfaction thereof. This was done before the expiration of two years from the date of the purchase.

Under this state of facts, the question arises for decision, whether this payment to Gholson, and his entry of satisfaction, notwithstanding a legal tender to him, within the two

years, of the amount of his bid and ten per cent. thereon, constitute a good defence to the *scire facias?*

The statute provides that, upon payment of the bid, the sheriff shall make an assignment in writing, of all the right, title, and interest of the plaintiff in said judgment; and that the purchaser shall have the absolute control and management of said judgment, and may order execution to issue thereon, in the same manner as if it had been recovered in his name.

By the third section of the act, the cause of action upon which the judgment is founded, is, by virtue of the sale, vested in the purchaser; and he is specially authorized to enter satisfaction of the judgment, in the same manner that the plaintiff therein could do. Hutch. Code, 920, 921.

This language will not admit of construction. By the sale and assignment in writing, the judgment was transferred to the purchaser; and he was, until redemption or tender, to all intents and purposes the owner thereof. His power to enter satisfaction was such as the plaintiffs possessed before the sale. His entry of satisfaction must be treated as the act of the plaintiffs, and must so operate in law; whence it follows that the court erred in reviving the judgment.

The plaintiffs' remedy is exclusively against the purchaser of the judgment. His title during the two years is only conditional, and until it becomes absolute he is the trustee of the plaintiffs or their assignee.

We are of opinion that the tender by the assignee was as valid as if made by the plaintiffs. The defence set up, that the title to the judgment is in the assignee, is entitled to no consideration.

The legal title, notwithstanding the assignment, still continued in the plaintiffs, and it was legally part of the contract that the assignee should be allowed the use of their names in all proceedings necessary to recover his rights.

Judgment reversed, and cause remanded.

A petition for a reargument was filed in this case by the appellees, but it was refused by the court.